

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.*, | : | Case No. 00-3837 (JKF) |
| | : | |
| Reorganized Debtors.[1] | : | (Jointly Administered) |

## BRIEF IN SUPPORT OF MOTION OF REORGANIZED DEBTORS FOR WITHDRAWAL OF THE REFERENCE UNDER 28 U.S.C. § 157(d)

### SAUL EWING, LLP

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899-1266
Tel: (302) 421-6800
Fax: (302) 421-6813

and

Adam H. Isenberg
MaryJo Bellew (No. 4519)
Centre Square West
1500 Market Street
Philadelphia, PA 19102
Tel: (215) 972-7777

Counsel to the Reorganized Debtors

October 24, 2007

---

[1]    The Reorganized Debtors are as follows: Owens Corning Sales, LLC f/k/a Owens Corning, CDC Corporation, Engineered Yarns America, Inc., Exterior Systems, Inc., Falcon Foam Corporation, Fibreboard Corporation, HOMExperts LLC, Integrex, Integrex Professional Services LLC, Integrex Testing Systems LLC, Integrex Supply Chain Solutions LLC, Integrex Ventures LLC, Jefferson Holdings, Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc., as reorganized pursuant to the Plan (as defined below and as referenced herein).

20622

10/25/07

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................................... i

TABLE OF AUTHORITIES .......................................................................................... ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .............................. iii

SUMMARY OF ARGUMENT ..................................................................................... iv

STATEMENT OF FACTS ............................................................................................. 1

ARGUMENT ................................................................................................................. 3

    A.    Standards Governing Withdrawal of the Reference ............................... 3

    B.    "Cause" Exists to Warrant Withdrawal of the Reference Under these Facts .......... 4

    C.    Withdrawal of the Reference Should Occur Immediately ...................... 7

CONCLUSION .............................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Big Rivers Elec. Corp. v. Green River Coal Co.,
    182 B.R. 751 (W.D. Ky. 1995)....................................................................................3, 4

Holland Am. Ins. Co. v. Succession of Roy,
    777 F.2d 992 (5th Cir. 1985) .......................................................................................3

In re Castro,
    919 F.2d 107 (9th Cir. 1990) .......................................................................................6

In the Matter of Delaware Hudson & Ry.,
    122 B.R. 887 (D. Del. 1991)................................................................................3, 4, 5, 6

In re McCrory Corp.,
    160 B.R. 502, 506 (S.D.N.Y. 1993)..........................................................................5, 6

In re Orion Pictures Corp.,
    4 F.3d 1095 (2d Cir. 1993)....................................................................................3, 4, 6

In re Pruitt,
    910 F.2d 1160 (3d Cir. 1990)......................................................................................3

STATUTES

28 U.S.C. § 157...............................................................................................................3, 5

28 U.S.C. §§ 157(b)(2)(B), (O).........................................................................................5

28 U.S.C. § 157(b)(5) .......................................................................................................4

28 U.S.C. § 157(c)(1).......................................................................................................6

28 U.S.C. § 157(d) .......................................................................................................3, 4

28 U.S.C. § 1334...............................................................................................................3

M.C.L.A. § 600.2959 ......................................................................................................2

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

This is the Reorganized Debtors' (as defined herein) motion (the "Motion") for an Order withdrawing the reference to the United States Bankruptcy Court for the District of Delaware of a proceeding relating to proof of claim number 2853 of Yvonne Cox (the "Claimant") in the amount of $1,141,900 (the "Disputed Claim"). The Claimant consents to withdrawal of the reference as requested in the Motion.

The Claimant filed the Disputed Claim in the jointly administered bankruptcy cases of Owens Corning and its 17 affiliated debtors and debtors-in-possession (collectively, the "Debtors" and since emergence from bankruptcy, the "Reorganized Debtors"), pending in the United States Bankruptcy Court for the District of Delaware, Case No. 00-3837 (collectively, the "Bankruptcy Cases"). In the Disputed Claim, the Claimant seeks to recover for personal injuries she allegedly suffered at a manufacturing facility previously owned by Falcon Foam Corporation, a subsidiary of Owens Corning and one of the Reorganized Debtors. The Reorganized Debtors objected to the Disputed Claim on April 27, 2007, and the Claimant filed a response to the objection on June 8, 2007. No litigation related to the Disputed Claim is pending and the Claimant has not moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(a).

## SUMMARY OF ARGUMENT

The Reorganized Debtors submit this Brief in support of their Motion, pursuant to 28 U.S.C. § 157(d), for an Order withdrawing the reference of proceedings related to the Disputed Claim. The Disputed Claim is a traditional personal injury tort claim wherein the Claimant alleges she suffered bodily injuries while working at one of the Debtors' manufacturing facilities. Based on the facts presented, judicial economy -- and a swift resolution of the Disputed Claim -- will best be achieved by a withdrawal of the reference by this Court.

1.      The district court may withdraw the reference of any case or proceeding to the bankruptcy court for "cause shown." 28 U.S.C. § 157(d).

2.      To evaluate whether "cause" exists, courts consider several factors, including (i) whether the claim or proceeding is "core" or "non-core" within the meaning of 28 U.S.C. § 157; (ii) the goals of promoting judicial economy and uniformity in bankruptcy administration; (iii) reducing forum shopping and confusion; (iv) fostering the economical use of the debtors' and creditors' resources; and (v) expediting the bankruptcy process. See, e.g., In re Pruitt, 910 F.2d 1160 (3d Cir. 1990); In the Matter of Delaware Hudson & Ry., 122 B.R. 887 (D. Del. 1991); see also In re Orion Pictures Corp., 4 F.3d 1095 (2d Cir. 1993); Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992 (5th Cir. 1985); Big Rivers Elec. Corp. v. Green River Coal Co., 182 B.R. 751 (W.D. Ky. 1995).

3.      Here, "cause" exists to withdraw the reference.

4.      Bankruptcy courts cannot conduct trials of personal injury tort claims, 28 U.S.C. § 157(b)(5), and, thus, the Bankruptcy Court is without authority to conduct a trial concerning the Disputed Claim.

5.    The proceedings related to the Disputed Claim are "non-core" within the meaning of 28 U.S.C. § 157 and, as a result, the reference to the bankruptcy court should be withdrawn in order to maximize judicial economy and to expedite the resolution of the Disputed Claim.

## STATEMENT OF FACTS

The facts relevant to this Motion are fully set forth in the accompanying Declaration of Adam H. Isenberg, sworn to on October 24, 2007 ("Isenberg Dec., ¶ __"). For the Court's convenience, a summary of the salient facts follows.

### A.    The Bankruptcy Cases

On October 5, 2000 (the "Petition Date"), the Debtors filed voluntary petitions in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization relief under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code"). (Isenberg Dec., ¶ 4). On September 26, 2006, the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, entered an order (the "Confirmation Order") confirming the Sixth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (as Modified), dated as of July 10, 2006 (as modified through September 26, 2006, the "Plan"), and Findings of Fact and Conclusions of Law Regarding Confirmation of the Sixth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (the "Findings of Fact and Conclusions of Law"). (Isenberg Dec., ¶ 5). On September 28, 2006, this Court entered an order affirming the Confirmation Order and the Findings of Fact and Conclusions of Law. (Isenberg Dec., ¶ 5). The Plan became effective in accordance with its terms, and the Effective Date occurred, on October 31, 2006. (Isenberg Dec., ¶ 6). The Plan has been substantially consummated. (Isenberg Dec., ¶ 6).

### B.    The Disputed Claim

On or about June 14, 2001, the Claimant filed the Disputed Claim in the Bankruptcy Cases in the amount of $850,000 and, subsequently, on or about February 3, 3006, filed an amendment to the Disputed Claim in the amount of $1,141,900. (Isenberg Dec., ¶ 10). The

Disputed Claim is a personal injury tort claim which stems from injuries allegedly suffered by the Claimant at a Michigan manufacturing facility (the "Facility") previously owned by Falcon Foam Corporation ("Falcon Foam"), a subsidiary of Owens Corning and one of the Reorganized Debtors. (Isenberg Dec., ¶¶ 10-11). According to the Disputed Claim, the Claimant was injured on June 16, 1999 when, while providing cleaning/janitorial services at the Facility for Commercial Cleaning Company, she was struck in the leg by a large block of Styrofoam. (Isenberg Dec., ¶ 11). According to the Disputed Claim, this incident caused multiple fractures of the lower leg as well as other injuries. (Isenberg Dec., ¶ 11). The Claimant alleges that a Falcon Foam employee was negligent in the handling of the Styrofoam block that caused her injuries. (Isenberg Dec., ¶ 11).

On or about April 27, 2007, the Reorganized Debtors objected to the Disputed Claim and sought entry of an order disallowing and expunging the Disputed Claim pursuant to section 502(b) of the Bankruptcy Code (the "Objection") on the bases, among other things, that (i) Falcon Foam is not liable to the Claimant on any alleged cause of action asserted in the Disputed Claim; and (ii) the Claimant was comparatively negligent in her actions and assumed the risk of injuries and, as a result, any recovery is limited by Michigan law, M.C.L.A. § 600.2959. (Isenberg Dec., ¶ 13). The Claimant filed a response to the objection on or about June 8, 2007, wherein she asserted that because the Objection raises affirmative defenses to a personal injury action under Michigan law, the bankruptcy court lacks jurisdiction to adjudicate the merits of the Objection and it must be transferred to the District Court for further adjudication. (Isenberg Dec., ¶ 14).

2

## ARGUMENT

### A.    Standards Governing Withdrawal of the Reference

Under 28 U.S.C. § 1334(a), bankruptcy jurisdiction is vested in the federal district court.[1]

Pursuant to 28 U.S.C. § 157(a), the district court may refer bankruptcy cases, and any or all

proceedings arising in or related to bankruptcy cases, to the bankruptcy court. However, the

reference of a case or proceeding to the bankruptcy court may be withdrawn by the district court

"…on timely motion of any party, *for cause shown*." 28 U.S.C. § 157(d)[2] (emphasis added).

When "cause" is shown, the statute permits permissive withdrawal of the reference. See In the

Matter of Delaware Hudson & Ry., 122 B.R. 887, 892 (D. Del. 1991). The Bankruptcy Code

does not define what constitutes "cause" to withdraw the reference. However, the United States

Court of Appeals for the Third Circuit, like a number of other courts, evaluates whether "cause"

exists by considering several factors, as follows:

> The district court should consider the goals of promoting uniformity in
> bankruptcy administration, reducing forum shopping and confusion, fostering the
> economical use of the debtors' and creditors' resources, and expediting the
> bankruptcy process.

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990); see also Delaware Hudson & Ry., 122 B.R. at

892; In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993); Holland Am. Ins. Co. v.

Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985); Big Rivers Elec. Corp. v. Green River

---

[1]    28 U.S.C. § 1334 (Bankruptcy cases and proceedings) provides:

> (a) Except as provided in subsection (b) of this section, the district courts shall
> have original and exclusive jurisdiction of all cases under title 11.

> (b) … the district courts shall have original but not exclusive jurisdiction of all
> civil proceedings arising under title 11, or arising in or related to cases under
> title 11.

[2]    28 U.S.C. § 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding
> referred under this section, on its own motion or on timely motion of any party,
> for cause shown.

Coal Co., 182 B.R. 751, 754 (W.D. Ky. 1995). In evaluating "cause" under 28 U.S.C. § 157(d),

a number of courts also consider as a threshold matter whether the claim or proceeding is "core"

or "non-core", see, e.g., Orion Pictures, 4 F.3d at 1101; Delaware Hudson & Ry., 182 B.R. at

892, and whether the interests of judicial economy will be satisfied by withdrawing the

reference. See, e.g., Big Rivers Elec. Corp., 182 B.R. at 754; Delaware Hudson & Ry., 182 B.R.

at 895-96.

## B.    "Cause" Exists to Warrant Withdrawal of the Reference Under these Facts

The District Court should withdraw the reference to the Bankruptcy Court of the

proceedings related to the Disputed Claim because sufficient "cause" exists under 28 U.S.C. §

157(d).

### 1.    The Disputed Claim Cannot Be Tried in the Bankruptcy Court

Bankruptcy Courts cannot conduct trials of personal injury tort claims. Specifically, 28

U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims
> shall be tried in the district court in which the bankruptcy case is pending, or, in
> the district court in the district in which the claim arose, as determined by the
> district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). In this case, the claim asserted in the Disputed Claim is a traditional state

law cause of action sounding in tort wherein the Claimant alleges she suffered personal bodily

injuries, i.e., a personal injury tort claim. (Isenberg Dec., ¶¶ 10-11). The parties dispute the

liability of the Reorganized Debtors to the Claimant for her alleged cause of action and, to

resolve such disputes, a trial on the merits of the claim may be necessary. The Bankruptcy Court

is without authority to conduct any such trial and, accordingly, there is "cause" for the District

Court to withdraw the reference.

## 2.     Judicial Economy and Efficiency Are Best Achieved By Withdrawal of the Reference

The proceedings related to the Disputed Claim are "non-core" and, as a result, the

reference to the Bankruptcy Court should be withdrawn in order to maximize judicial efficiency

and to expedite the resolution of the Disputed Claim.

The threshold factor this Court should consider is that the proceedings are "non-core"

within the meaning of 28 U.S.C. § 157. As several courts have stated, whether a proceeding is

"core" or "'non-core" should be considered first when determining whether discretionary

withdrawal of the reference is appropriate "'since it is upon this issue that questions of efficiency

and uniformity will turn.'" In re McCrory Corp., 160 B.R. 502, 506 (S.D.N.Y. 1993) (quoting In

re Kenai Corp., 136 B.R. 59, 61 (Bankr. S.D.N.Y. 1992)). Pursuant to Local Rule 5011-1 of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Bankruptcy Court Local Rules"), the bankruptcy court determines

whether the proceedings for which withdrawal of the reference is sought are "core" or "non-

core". Here, there is no dispute between the Reorganized Debtors and the Claimant that the

proceedings relating to the Disputed Claim are "non-core". See Stipulation and Order for

Determination of Non-Core Status Pursuant to Local Rule 5011-1 (the "Stipulation and Order"),

filed in the Bankruptcy Court concurrent with the filing of this Motion and attached hereto as

Exhibit "A." As set forth in the Stipulation and Order, the Disputed Claim is a traditional

personal injury tort claim which is excepted from the list of "core" proceedings in 28 U.S.C. §§

157(b)(2)(B), (O). Moreover, the Disputed Claim involves only state law claims which existed

prior to the commencement of the Bankruptcy Cases and which could have been brought

whether or not the Debtors ever filed for bankruptcy. See Delaware Hudson & Ry., 122 B.R. at

893 (concluding that lawsuit was a "non-core" proceeding subject to permissive withdrawal of

5

the reference because it involved state law claims that existed prior to and independent of the bankruptcy).

While the bankruptcy courts may hear "non-core" proceedings, they are empowered only to submit proposed findings of facts and conclusions of law to the districts court for *de novo* review under 28 U.S.C. § 157(c)(1)[3]; Orion Pictures, 4 F.3d at 1101; Delaware & Hudson Ry., 122 B.R. at 890. The essence of *de novo* review is that of a fresh reconsideration and an independent evaluation by the district court. This requires the district court to conduct an actual review of the bankruptcy court decision; the district court may not simply "rubber stamp" the disposition recommended by the bankruptcy court. Collier on Bankruptcy (15th ed. rev.), ¶ 3.03[3][c]; In re Castro, 919 F.2d 107 (9th Cir. 1990). Here, in order to promote judicial economy and efficiency, and to avoid any unnecessary delay to the parties, this Court should withdraw the reference of the "non-core" proceedings related to the Disputed Claim so that the parties can proceed in the District Court. Any duplication of efforts by the Bankruptcy Court and the District Court, and related costs and delay, can be avoided by withdrawal of the reference. See Orion Pictures, 4 F.3d at 1101 (that "non-core" matters are subject to *de novo* review should impact evaluation of whether to withdraw the reference because it raises questions of judicial efficiency, uniformity and unnecessary costs); McCrory, 160 B.R. at 506-07 (withdrawing reference to bankruptcy court of "non-core" proceeding based on, among other things, judicial economy).

---

[3]     28 U.S.C. § 157(c)(1) provides:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

### C.    Withdrawal of the Reference Should Occur Immediately

The withdrawal of the reference should occur without delay. The Bankruptcy Court has

not yet developed any special familiarity with the facts surrounding the Disputed Claim, and

therefore no inefficiency will result from an immediate transfer to the District Court. To the

contrary, the goals of judicial economy and cost efficiency will be best served by conducting the

pre-trial activities in the court that will ultimately adjudicate this matter.

## CONCLUSION

For the foregoing reasons, the Reorganized Debtors respectfully request that this

Honorable Court grant their Motion for withdrawal of the reference of proceedings relating to the

Disputed Claim and transfer the proceedings in their entirety to the District Court, effective

immediately.

Dated: October 24, 2007                         SAUL EWING LLP


By:    _____
       Norman L. Pernick (No. 2219)
       J. Kate Stickles (No. 2917)
       222 Delaware Avenue, Suite 1200
       P.O. Box 1266
       Wilmington, DE 19899-1266
       Tel: (302) 421-6800
       Fax: (302) 421-6813
       npernick@saul.com
       kstickles@saul.com

                        and

       Adam H. Isenberg
       MaryJo Bellew (No. 4519)
       Centre Square West
       1500 Market Street
       Philadelphia, PA 19102
       Tel: (215) 972-7777

       Counsel to the Reorganized Debtors

# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.,* | : | Case No. 00-3837 (JKF) |
| | : | |
| Reorganized Debtors.[1] | : | (Jointly Administered) |

**Related to Docket No. 20342**

**STIPULATION AND ORDER FOR DETERMINATION OF**
**NON-CORE STATUS PURSUANT TO LOCAL RULE 5011-1**

This Stipulation and Order (the "Stipulation") For Determination of Non-Core Status

Pursuant to Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the

United States Bankruptcy Court for the District of Delaware (the "Local Rules") is entered

into as of October 24, 2007 by and between the Reorganized Debtors (as defined herein) and

Yvonne Cox (the "Claimant") with respect to proof of claim number 2853 of the Claimant in

the amount of $1,141,900 (the "Disputed Claim").

## RECITALS

## INTRODUCTION

WHEREAS, on October 5, 2000 (the "Petition Date"), Owens Corning and its 17

affiliated debtors and debtors-in-possession (collectively, the "Debtors" and since emergence

from bankruptcy, the "Reorganized Debtors") filed voluntary petitions in the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for reorganization relief

---

[1]    The Reorganized Debtors are as follows: Owens Corning Sales, LLC (f/k/a Owens Corning), CDC
Corporation, Engineered Yarns America, Inc., Exterior Systems, Inc., Falcon Foam Corporation,
Fibreboard Corporation, HOMExperts LLC, Integrex, Integrex Professional Services LLC, Integrex
Testing Systems LLC, Integrex Supply Chain Solutions LLC, Integrex Ventures LLC, Jefferson Holdings,
Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas
Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc., as reorganized pursuant to the
Plan (as defined herein).

under chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").

WHEREAS, on September 26, 2006, the Honorable Judith K. Fitzgerald, United States Bankruptcy Judge, entered an order (the "Confirmation Order") confirming the Sixth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (as Modified), dated as of July 10, 2006 (as modified through September 26, 2006, the "Plan"), and Findings of Fact and Conclusions of Law Regarding Confirmation of the Sixth Amended Joint Plan of Reorganization for Owens Corning and its Affiliated Debtors and Debtors-in-Possession (the "Findings of Fact and Conclusions of Law"). On September 28, 2006, the United States District Court for the District of Delaware entered an order affirming the Confirmation Order and the Findings of Fact and Conclusions of Law.

WHEREAS, the Plan became effective in accordance with its terms, and the Effective Date occurred, on October 31, 2006. The Plan has been substantially consummated.

## BACKGROUND

WHEREAS, by Order dated October 6, 2000, the Bankruptcy Court authorized Omni Management Group, LLC f/k/a Robert L. Berger & Associates, LLC to serve as the Debtors' claims agent in these jointly administered cases.

WHEREAS, on November 27, 2001, the Bankruptcy Court entered an Order Pursuant to Bankruptcy Rule 3003(c)(3): (i) Fixing General Claims Bar Date for Filing Certain Proofs of Claim; (ii) Approving Proposed Proof of Claim Form, General Claims Bar Date Notice and Related Publication Procedures; and (iii) Approving Proposed Employee and Retiree Claims Notification Procedures (the "Bar Date Order"). Pursuant to the Bar Date Order, the deadline for filing proofs of claim, other than certain "Excluded Claims," was April 15, 2002.

## THE DISPUTED CLAIM

WHEREAS, the Disputed Claim (originally filed by the Claimant on or about June 14, 2001 and subsequently amended on or about February 3, 2006) stems from injuries allegedly suffered by the Claimant at a Michigan manufacturing facility (the "Facility") previously owned by Falcon Foam Corporation ("Falcon Foam"), a subsidiary of Owens Corning and one of the Debtors herein. According to the Disputed Claim, the Claimant was injured on June 16, 1999 when, while providing cleaning/janitorial services at the Facility for Commercial Cleaning Company, she was struck in the leg by a large block of Styrofoam. According to the Disputed Claim, this incident caused multiple fractures of the lower leg as well as other injuries. The Claimant alleges that a Falcon Foam employee was negligent in the handling of the Styrofoam block that caused her injuries.

WHEREAS, no litigation related to the Disputed Claim was pending as of the Petition Date and the Claimant has not moved to lift the automatic stay to pursue the Disputed Claim.

WHEREAS, on or about April 27, 2007, the Reorganized Debtors objected to the Disputed Claim in the Reorganized Debtors' Objection to Proof of Claim Number 2853 of Yvonne Cox (Docket No. 20342) and sought entry of an order disallowing and expunging the Disputed Claim pursuant to section 502(b) of the Bankruptcy Code.

WHEREAS, on or about June 8, 2007, the Claimant filed the Response of Yvonne Cox to Debtors' Objection to Proof of Claim Number 2853 of Yvonne Cox (Docket No. 20476).

## WITHDRAWAL OF THE REFERENCE

WHEREAS, concurrent with the filing of this Stipulation, the Reorganized Debtors have filed with the Bankruptcy Court a motion to withdraw the reference of proceedings relating to the Disputed Claim pursuant to 28 U.S.C. § 157 and Local Rule 5011-1. Pursuant

3

to Local Rule 5011-1, in connection with the motion to withdraw the reference, a

determination is required by the Bankruptcy Court as to whether the proceedings to be

withdrawn are "core" or "non-core" within the meaning of 28 U.S.C. § 157.

## APPLICABLE AUTHORITY

WHEREAS, under 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in

part, any case or proceeding referred under this section, on its own motion or on timely motion

of any party, for cause shown."

WHEREAS, in connection with the Reorganized Debtors' motion for withdrawal of the

reference, and pursuant to the Local Rules, a determination must be made in the Bankruptcy

Court as to whether the proceeding for which withdrawal of the reference is sought is a "core" or

a "non-core" proceeding. Local Rule 5011-1.

WHEREAS, 28 U.S.C. § 157(b) contains a non-exclusive list of "core" proceedings. It

provides, in part:

>    (2)    Core proceedings include, but are not limited to –
>
>             ...
>
>         (B)    allowance or disallowance of claims against the
>    estate or exemptions from property of the estate, and estimation of
>    claims or interests for the purpose of confirming a plan under
>    chapter 11, 12, or 13 of title 11 *but not* the liquidation or
>    estimation of contingent or unliquidated *personal injury tort or
>    wrongful death claims* against the estate for purposes of
>    distribution in a case under title 11.
>
>             ...
>
>         (O)    other proceedings affecting the liquidation of the
>    assets of the estate or the adjustment of the debtor-creditor or the
>    equity security holder relationship, *except personal injury tort or
>    wrongful death claims.*

28 U.S.C. § 157(b)(2)(B), (O) (emphasis added).

WHEREAS, proceedings affecting "personal injury tort claims" are specifically excluded

from the category of "core" proceedings enumerated in 28 U.S.C. § 157(b)(2) and, accordingly,

are considered "non-core" proceedings. See Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 831, 833 (5th Cir. 1993) (personal injury actions are "non-core" proceedings and shall not be adjudicated in a bankruptcy court); Massey Energy Co. v. West Virginia Consumers for Justice, 351 B.R. 348, 351 (E.D. Va. 2006) (personal injury tort claim is a "non-core" proceeding under 28 U.S.C. § 157(b)(2); In re Finley, Kumble, Wagner, et al., 194 B.R. 728, 734 (S.D.N.Y. 1995) (same). In In re New York Medical Group, P.C., 265 B.R. 408, 412 (Bankr. S.D.N.Y. 2001), the bankruptcy court held that the objection to a personal injury tort claim is a "non-core" matter pursuant to 28 U.S.C. § 157(b)(2)(B) which the court lacks jurisdiction to liquidate.

WHEREAS, the basis of the Disputed Claim is a "personal injury tort claim" which stems from bodily injuries allegedly suffered by the Claimant at the Falcon Foam Facility and, thus, is excluded from the category of "core" proceedings in 28 U.S.C. § 157(b)(2).

WHEREAS, further, the United States Court of Appeals for the Third Circuit has held that "'a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" In re Loewen Group Int'l, Inc., 279 B.R. 471, 475 (Bankr. D. Del. 2002) (quoting In re Guild and Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996)). If the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, it is not a "core" proceeding; it may be related to the bankruptcy because of its potential effect, but under 28 U.S.C. § 157(c)(1), is it an "otherwise related", or "non-core" proceeding. Id. at 476; see also In re Centennial Coal, Inc., 278 B.R. 454 (Bankr. D. Del. 2002).

WHEREAS, the proceedings relating to the Disputed Claim constitute traditional state law causes of action sounding in tort which arose prior to the Petition Date. The claims of the Claimant neither invoke a substantive right provided by title 11, nor a proceeding which could

arise only in the context of a bankruptcy case. The Claimant's claims depend in no way on an interpretation of the Bankruptcy Code and could have been brought prior to and independent of the Debtors' bankruptcy cases. See Loewen Group, 279 B.R. at 477 (finding state law claims which existed prior to and independent of the filing of debtor's bankruptcy to be non-core); Centennial Coal, 278 B.R. at 57-58 (same); In re Delaware & Hudson Ry., 122 B.R. 887, 894 (D. Del. 1991) (same). Pursuant to the Third Circuit standards, the proceedings related to the Disputed Claim are "non-core."

WHEREAS, the Reorganized Debtors and the Claimant have held certain discussions concerning this matter and have agreed that the proceedings related to the Disputed Claim are "non-core", subject to Bankruptcy Court approval.

## STIPULATION

NOW, THEREFORE, the Reorganized Debtors and the Claimant, intending to be legally bound, but subject to approval of the Bankruptcy Court as set forth herein, hereby stipulate and agree as follows:

1.    Each of the recitals set forth above is incorporated herein by reference.

2.    The proceedings for which the Reorganized Debtors seek to withdraw the reference relating to the Disputed Claim are "non-core" proceedings within the meaning of 28 U.S.C. § 157.

3.    Local Rule 5011-1 is hereby waived to the extent it requires the Reorganized Debtors to file a "motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core" and the Reorganized Debtors are hereby deemed to be in compliance with Local Rule 5011-1.

4.      This Stipulation may be executed in one or more counterparts, including

by facsimile, each of which shall be deemed an original, but all of which together constitute one

and the same instrument.

IN WITNESS WHEREOF, this Stipulation has been duly executed on behalf of

each of the parties as of the date first above written.

SAUL EWING LLP

By:   _____
        Norman L. Pernick (No. 2219)
        J. Kate Stickles (No. 2917)
        222 Delaware Avenue, Suite 1200
        P.O. Box 1266
        Wilmington, DE 19899
        Tel: (302) 421-6800
        Fax: (302) 421-6813

        and

        Adam H. Isenberg
        MaryJo Bellew (No. 4519)
        Centre Square West
        1500 Market Street, 38th Floor
        Philadelphia, PA 19102
        Tel: (215) 972-7777

        Counsel for the Reorganized Debtors

WILLIAM D. SULLIVAN, LLC

_____
William D. Sullivan (No. 2820)
Elihu E. Allinson, III (No. 3476)
4 East 8th Street
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

and

**R. Kevin Thieme, P.C.**
R. Kevin Thieme
560 Grand Plaza Place
220 Lyon Street, N.W.
Grand Rapids, MI 49503-2210
Tel: (616) 451-8596

Counsel for Yvonne Cox

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| OWENS CORNING, *et al.,* | : | Case No. 00-3837 (JKF) |
| | : | |
| Reorganized Debtors. [1] | : | (Jointly Administered) |

**Related to Docket No. ___**

## ORDER DETERMINING
## NON-CORE STATUS PURSUANT TO LOCAL RULE 5011-1

The Court having considered the Stipulation and Order For Determination of Non-Core

Status Pursuant to Local Rule 5011-1 (the "Stipulation") by and between the Reorganized

Debtors and Yvonne Cox (the "Claimant") with respect to proof of claim number 2853 of the

Claimant in the amount of $1,141,900 (the "Disputed Claim"); and this Court having found good

and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that:

1.    The Stipulation is APPROVED.

2.    The proceedings instituted by the Reorganized Debtors' Objection to Proof of

Claim Number 2853 of Yvonne Cox (Docket No. 20342), for which the Reorganized Debtors

---

[1]    The Reorganized Debtors are as follows: Owens Corning Sales, LLC (f/k/a Owens Corning), CDC
Corporation, Engineered Yarns America, Inc., Exterior Systems, Inc., Falcon Foam Corporation,
Fibreboard Corporation, HOMExperts LLC, Integrex, Integrex Professional Services LLC, Integrex
Testing Systems LLC, Integrex Supply Chain Solutions LLC, Integrex Ventures LLC, Jefferson Holdings,
Inc., Owens-Corning Fiberglas Technology Inc., Owens Corning HT, Inc., Owens-Corning Overseas
Holdings, Inc., Owens Corning Remodeling Systems, LLC and Soltech, Inc., as reorganized pursuant to the
Plan (as defined herein).

seek to withdraw the reference relating to the Disputed Claim, are "non-core" proceedings within

the meaning of 28 U.S.C. § 157.

Dated: October ____, 2007

_____

The Honorable Judith K. Fitzgerald
United States Bankruptcy Judge

## Miscellaneous:

00-03837-JKF OWENS CORNING, A DELAWARE CORPORATION and Charles W. Stein
Type: bk                     Chapter: 11 v                  Office: 1 (Delaware)
Judge: JKF                   Assets: y
Case Flag: LEAD, MEGA, APPEAL, CLMSAGNT, MTRUNADV, CONFIRMED, Sealed Doc(s)

### U.S. Bankruptcy Court

### District of Delaware

Notice of Electronic Filing

The following transaction was received from Stickles, J. Kate entered on 10/25/2007 at 10:04 AM EDT
and filed on 10/25/2007
**Case Name:**        OWENS CORNING, A DELAWARE CORPORATION and Charles W. Stein
**Case Number:**      00-03837-JKF
**Document Number:** 20622

**Docket Text:**
Brief *in Support of Motion of Reorganized Debtors for Withdrawal of the Reference Under 28 U.S.C.*
*Section 157(d) (Related to DI [20621]).* Filed by OWENS CORNING, ET AL., Reorganized Debtors.
(Attachments: # (1) Exhibit "A") (Stickles, J.)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**U:\00-3837\552890\Brief in Support of Motion.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=10/25/2007] [FileNumber=5938448-0
] [0aa3c90a05f6da50a17598257345dbb88b888d6659387ea72201e8e7be278116274
4f43acab7ef01b19f09af89adb539d32e99f04aaeb454fcbf4c3ff4410391]]
**Document description:**Exhibit "A"
**Original filename:**U:\00-3837\552890\Exhibit A to Brief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=983460418 [Date=10/25/2007] [FileNumber=5938448-1
] [01f7194f51525013a98aa95f6500b5070df1ceb320d80a360fd0bf14718e9a7c6cd
d6c2df889234f81147fca77c6347b354e75d4be87efce22962d86948411d8]]

### 00-03837-JKF Notice will be electronically mailed to:

Eric B. Abramson     eabramson@serlinglaw.com

Benjamin C. Ackerly     backerly@hunton.com

Dallas L. Albaugh     dalbaugh@pryorcashman.com

Daniel J. Anker     danankerlaw@aol.com